UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ROSSI WADE, et al.,

    Plaintiffs,

    v.

TRUIST BANK, et al.,

    Defendants.

Civil Action No.:  PX-22-287

MEMORANDUM ORDER

On February 3, 2022, Rossi Wade filed the above-captioned Complaint on behalf of herself and her minor child.  Wade also filed a Motion for Leave to Proceed in Forma Pauperis.  ECF No. 3.  As Wade appears to be indigent, the Motion will be granted.  However, for the following reasons, the Complaint must be dismissed.

The Complaint alleges that on June 28, 2019, Wade opened bank accounts for herself and her daughter at Sun Trust Bank.  ECF No. 1-5 at 3.  Wade communicated to bank representatives that she required access to her funds by a particular date because she needed to pay for a surgical procedure.  *Id.*  Despite assurances that the funds would come available as needed, Wade was unable to access the money in a timely manner.  *Id.* at 3-4.  As a result, she had to forego the surgery.  *See id.* at 3-7.  Wade alleges violations of 15 U.S.C. § 45 and companion state common law torts, and seeks $200 billion in compensatory damages.  *Id.*

Because Wade proceeds in forma pauperis, the Court must screen the Complaint for sufficiency.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  The Court does so, bearing in mind that it must liberally construe pro se pleadings to permit any plausible claim to proceed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that this Court

can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").   In its review, the Court "need not look beyond the complaint's allegations . . . .  It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Because Wade alleges violations of 15 U.S.C. § 45, the Court retains federal question jurisdiction.  *See* 28 U.S.C. § 1331 (permitting suit in federal court for violations of federal statute).  But while this provision prohibits certain unfair commercial practices, it confers authority solely to the Federal Trade Commission to pursue such violations.  The statute does not permit a private cause of action.  *Id.*  Accordingly, this claim must be dismissed with prejudice.

As to the state common law claims for negligence, breach of contract, misrepresentation, and breach of covenants, the Court declines to exercise supplemental jurisdiction.  "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction."  *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966).  These claims shall be dismissed without prejudice so that Wade may pursue them in state court, if she chooses.

Accordingly, it is this 10th day of May 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  The Motion for Leave to Proceed in Forma Pauperis (ECF No. 3) IS GRANTED;

2.  The Complaint is DISMISSED as follows:

    a.   Wade's federal claim is DISMISSED WITH PREJUDICE; and

    b.   Wade's state law claims are DISMISSED WITHOUT PREJUDICE;

3.  The Clerk shall MAIL a copy of this Order to Wade; and

4.  The Clerk shall CLOSE this case.


/S/

_____

Paula Xinis
United States District Judge